*December,* 1823.

## Curtis *against* Gary.

In assumpsit, plaintiff has a verdict for less than $50, and makes affidavit that more than fifty dollars is due, but that from the absence of material witnesses he was unable to prove the amount justly due. A nonsuit cannot be ordered.

THE Chief Justice delivered the opinion of the Court.

This was an action of assumpsit, in which *Gary,* the plaintiff claimed more than $50, and recovered a verdict and judgment for 25 cents and costs: he filed an affidavit, stating that more than $50 was due, and that he verily believed that he would have been able to have proved more due by several witnesses (named in the affidavit) who were absent at the trial. It assigned as Error that the judgment should have been arrested, &c.

No motion in arrest of judgment appears to have been made or decided on in the Court below ; and it would seem, that matter which was not acted on there cannot be assigned for Error here. The Statute which the plaintiff in Error relies on (Laws Alaba. 156, sect. 10,) directs " That " if any suit shall be commenced in any Court, for a less sum " than such Court can legally take cognizance of, or if any " person shall demand a greater sum than is due, on purpose " to evade this act, in either case the plaintiff shall be nonsuit- " ed and pay costs." Here the amount sued for is not less than the Court could legally take cognizance of, and a nonsuit could not have been ordered on the first ground. The second ground mentioned is, if a greater sum than is due shall be demanded on purpose to evade the act. Nothing appears on the Record from which the Court below could have inferred that it was intended to be evaded. We do not feel authorised to draw this inference merely from the amount of the verdict. The defendant in Error filed an affidavit in conformity to the proviso, which we deem sufficient to pre-

vent an order for a nonsuit as mentioned in the first part of
the section.

Judgment affirmed.

*Crawford* and *Hitchcock* for plaintiff.

*H. G. Perry* for defendant in Error.